ROBERT E. KOHN, SBN 200373
Email: rkohn@kohnlawgroup.com
KOHN LAW GROUP, INC.
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Phone: (310) 917-1011
Fax: (310) 917-1001

Counsel for Defendant and Counterclaimant
BRIAN B. HAYES and for Defendant
NICOLE BOGART

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MARINA PAHOMOVA, a/k/a MARINA PAMO, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MAXIM, INC., a Delaware corporation; BRIAN B. HAYES, an individual; NICKIE BOGART, an individual; DIRK STEENEKAMP, an individual; DHS MEDIA GROUP, a business entity of unknown form; UNTAPPED WORLD PUBLISHING, LTD, a business entity of unknown form; SWIMWEAR NETWORK INTERNATIONAL, LLC, a Florida limited liability company; and 917 PR, a business entity of unknown form; and DOES 1-15, inclusive,<br><br>　　　　Defendants.<br><br>BRIAN B. HAYES,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>MARINA PAHOMOVA, a/k/a MARINA PAMO,<br><br>　　　　Counterclaim Respondent. | CASE NO. 2:19-cv-00495-RGK (JCx)<br><br>Assigned to Hon. R. Gary Klausner<br>Courtroom 850<br><br>**ANSWER TO COMPLAINT FOR DAMAGES;**<br><br>**AFFIRMATIVE DEFENSES;**<br><br>**COUNTERCLAIMS FOR:**<br><br>　(1) **BREACH OF CONTRACT,**<br>　(2) **DECLARATION OF COPYRIGHT OWNERSHIP,**<br>　(3) **COPYRIGHT INFRINGEMENT; AND**<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER AND COUNTERCLAIMS**

Answering the COMPLAINT FOR DAMAGES (the "Complaint") filed on January 22, 2019 in the above-entitled action (Docket No. 1), Defendant and Counterclaimant BRIAN B. HAYES ("Hayes") and Defendant NICOLE BOGART ("Bogart") respectfully respond and aver as follows:

1. Defendants Hayes and Bogart admit the following allegations of the Complaint:
   a. This Court has jurisdiction.
   b. Hayes is a resident of Las Vegas, Nevada, conducting business in Los Angeles, California.
   c. Bogart is a resident of Las Vegas, Nevada.
   d. Swimwear Network International, LLC was a Florida limited liability company.
   e. Plaintiff is a model.
   f. Hayes has performed photoshoots for other models.
   g. In 2016, on his Facebook page, Hayes mentioned his working relationship with Defendant Maxim, Inc.
   h. Hayes stated the following on his Facebook page: "New policy for 2016. All models that want to be published must sign a publishing release utilizing their legal name and legal signature. Signatures will be compared with DL and Passports. 2016 will bring more top published magazines covers which require proper release documentation."
   i. Hayes emailed with Plaintiff on February 23, 2016.
   j. Hayes told Plaintiff that he could submit her to Maxim and other publications but that she would need to have Hayes perform a photoshoot of Plaintiff.
   k. Hayes informed Plaintiff that a one thousand-dollar ($1,000.00) deposit equal to half the total charge would be required to be paid to Hayes for

the photoshoot. The photoshoot of Plaintiff was scheduled by Hayes for March 12, 2016 in Las Vegas, Nevada.

l. Plaintiff paid Hayes the $1,000.00 (50%) deposit for one photoshoot.

m. On March 13, 2016, Plaintiff paid Hayes another $3,000.00 (for a total of $4,000.00 for 2 photoshoots).

n. Hayes stated on his Facebook page that he has never encountered a publishing company to be publishing fake or fraudulent magazines; that "917PR" has many new international titles coming out in the next few months including covers for Playboy, Muscle & Fitness Hers, Maxim, and For Him Magazine; that neither Hayes not 917PR will ever solicit models for paid photography shoots or public relations, as all their clients contact them directly for their services; and that 917PR was changing from a free service to charging a small monthly submission fee, which fee will only amount to about 20% of what other public relations firms are charging.

o. Plaintiff wired $6,000 to Hayes on March 17, 2016, for the agreed purpose of Hayes paying the money to Defendant Dirk Steenekamp as a publishing fee to include photographs of her in Maxim South Africa.

p. Defendant Steenekamp was the editor in chief of Maxim South Africa, operated the Maxim website in South Africa, and was licensed to do so by Defendant Maxim, Inc. Hayes paid Plaintiff's wire of $6,000 to Defendant Steenekamp.

q. Subsequently (after March 17, 2016), Hayes and Bogart informed Plaintiff that images of her photoshoot with Hayes would be published in Maxim South Africa (in the May 2016 issue) on a cover and showcased in a feature spread in print, digital editions, websites, and social media.

r. Hayes and Bogart made a submission of photographs of the Plaintiff to Lifestyle for Men ("LFM") magazine.

  s. On July 4, 2016, Hayes's Facebook page stated that Hayes was "[h]onored to be the exclusive cover photographer for the new Maxim Middle East [Dubai]... 1st issue is on the newsstands now".

  t. On August 6, 2016 Hayes's Facebook page stated that "... Some magazines like Maxim [South Africa] and Maxim [Middle East] will ONLY publish my photos on their covers. We are proud to provide FREE submissions for those models that book photoshoots with me...." On or about the same time, Hayes also represented that he had a free public relations service.

  u. On October 20, 2016, Bogart sent Plaintiff an email.

  v. Dana Lombardi was the international licensing and publishing manager for Defendant Maxim, Inc.

  w. On October 26-30, 2017 at the Las Vegas Palms Resort and Casino in Las Vegas, Nevada, Hayes organized an event for models and photographers, called "Worldwide Cover Model."

  x. Hayes collected money from businesses and individuals for attendance at his Las Vegas event.

  y. In December 2018, Plaintiff filed six separate copyright applications for registration of certain photographs, as follows: Case Nos. 1-7154605573; 1-7154605522; 1-7154605436; 1-7154605400; 1-7154605246; and 1-7154605221.

 2. Hayes and Bogart generally deny the other allegations of the Complaint, based partly on lack of knowledge or information sufficient to form a belief about the truth of them, and they specifically deny that Plaintiff is entitled to any relief whatsoever, on any grounds or for any reasons, including (but not limited to) any award of attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim for Relief)**

1. The Complaint fails to state a claim for relief or facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
**(Failure to Plead Fraud or Mistake with Particularity)**

2. The Complaint fails to state with particularity any circumstances constituting fraud by Defendants Hayes and Bogart or mistake by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Register Copyrights)**

3. Plaintiff's Complaint is barred, wholly or partly, because Plaintiff has not properly registered her purported copyrights in photographs that were shot by Defendant Hayes, as required prior to filing a copyright infringement suit. *See* 17 U.S.C. § 411(a). Plaintiff knowingly provided false information in her applications of December 2018, by stating that Plaintiff owns the copyrights. *See* 17 U.S.C. § 411(b). She knows that she does not.

### FOURTH AFFIRMATIVE DEFENSE
**(Copyright Ownership)**

4. Plaintiff's Complaint is barred, wholly or partly, because all copyrights in photographs that were shot by Defendant Hayes are owned by Defendant Hayes, and Plaintiff owns no such copyrights.

## FIFTH AFFIRMATIVE DEFENSE
### (Release by Plaintiff)

5.  Plaintiff's Complaint is barred, wholly or partly, by the Model Release she signed on March 13, 2018, "that I have no rights to the Content, and all rights to the Content belong to the Photographer / Filmmaker and Assigns. I acknowledge and agree that I have no further right to additional consideration or accounting, and that I will make no further claim for any reason to Photographer / Filmmaker and/or Assigns." *See* Exhibit A hereto.

## SIXTH AFFIRMATIVE DEFENSE
### (Reasonable Reliance)

6.  Plaintiff's Complaint is barred, wholly or partly, because Hayes and Bogart relied reasonably upon information provided by others, including (but not limited to) the email on January 24, 2017 from Dana Lombardi of Maxim, Inc., concerning "Maxim Africa, Egypt & Middle East," stating "that we do have a relationship with Dirk Steenekamp the managing director of MAXIM South Africa" and that "I have been informed that he in fact has been producing these magazines along with MAXIM South Africa." *See* Exhibit B hereto.

## SEVENTH AFFIRMATIVE DEFENSE
### (Full Performance)

7.  Plaintiff's Complaint is barred, wholly or partly, because Hayes and Bogart performed their promises to Plaintiff. As a result, copies of photographs shot by Hayes depicting Plaintiff appeared in Maxim South Africa on the cover and in feature spreads in print, digital editions, websites and social media. *See* Exhibit C hereto.

**WHEREFORE**, Brian B. Hayes and Nicole Bogart respectfully pray for judgment in their favor; that Plaintiff take nothing by her Complaint; and for an award of costs against Plaintiff as provided by law, including attorney's fees.

## COUNTERCLAIM

Defendant and Counterclaimant BRIAN B. HAYES ("Hayes") respectfully counterclaims against Plaintiff and Counterclaim Respondent MARINA PAHOMOVA, a/k/a MARINA PAMO ("Pahomova"), and for his counterclaims Hayes avers as follows:

1. Jurisdiction over this Counterclaim arises under 28 U.S.C. § 1332, because it arises under the copyright laws of the United States. Supplemental jurisdiction over this Counterclaim is also proper under 28 U.S.C. § 1367(a). This Counterclaim is so related to the claims of Pahomova, as alleged in the COMPLAINT FOR DAMAGES (the "Complaint") filed on January 22, 2019 in the above-entitled action (Docket No. 1), that they form part of the same case or controversy under Article III of the United States Constitution.

2. Hayes is a photographer. Pahomova is a model. Hayes shot 2,171 photographs depicting Pahomova. Only Hayes is the author and owner of the copyrights to all the photographs that he shot.

3. By email on February 23, 2016, Hayes told Pahomova that "[i]f you want to be published then you have to sign a release so that magazines can publish you." *See* Exhibit D hereto.

4. On March 13, 2016, "[f]or consideration herein acknowledged as received," Pahomova agreed with Hayes to a Model Release that both of them signed. Pahomova agreed "that I have no rights to the Content, and all rights to the Content belong to the Photographer / Filmmaker and Assigns. I acknowledge and agree that I have no further right to additional consideration or accounting, and that I will make no further claim for any reason to Photographer / Filmmaker and/or

Assigns." See Exhibit A hereto. Some of Hayes's photographs were published in the May 2016 issue of Maxim South Africa. See Exhibit C hereto.

5. Nevertheless, despite Hayes's ownership of the copyrights and the release signed by Pahomova, Pahomova has submitted copies of photographs shot by Hayes to be promoted by public relations firms and to be published in various magazines, all without permission by Hayes. According to an email from Pahomova on October 20, 2016, these include FHM Spain, Maxim Mexico, Esquire Malaysia, and Esquire Bulgaria. See Exhibit E hereto.

6. In December 2018, on information and belief, Pahomova filed six separate copyright applications for registration of photographs shot by Hayes, as follows: Case Nos. 1-7154605573; 1-7154605522; 1-7154605436; 1-7154605400; 1-7154605246; and 1-7154605221. Hayes did not give permission to do so.

7. Pahomova filed this action against Hayes on January 22, 2019, claiming against Hayes, and asserting copyright ownership in photographs shot by Hayes.

8. On March 4, 2019, Hayes filed four copyright applications for registration of his photographs depicting Pahomova, as follows: Case Nos. 1-7470971561; 1-7471091661; 1-7471615311; and 1-7473435351.

## FIRST COUNTERCLAIM

**(Breach of Contract)**

9. Hayes incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

10. By filing the Complaint in this action against Hayes, Pahomova breached the Model Release of March 13, 2018.

11. As a result of the breach, Hayes has suffered damages, including attorney's fees and expenses incurred in responding to the Complaint. On information and belief, the damages are likely to exceed $50,000.

## SECOND COUNTERCLAIM
### (Declaratory Relief)

12. Hayes incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

13. Pahomova does not own copyrights in any photographs shot by Hayes, including the ones she applied to register in December 2018.

14. A real and present controversy exists between Hayes and Pahomova, in that Pahomova claims to own copyrights in the photographs of her that Hayes shot.

## THIRD COUNTERCLAIM
### (Copyright Infringement)

15. Hayes incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

16. Pahomova infringed Hayes's copyrights in some of the photographs shot by Hayes, when Pahamova has submitted copies of the photographs to be promoted by public relations firms and to be published in various magazines without permission by Hayes, including (but not limited to) FHM Spain, Maxim Mexico, Esquire Malaysia, and Esquire Bulgaria.

17. Pahomova infringed Hayes's copyrights in all the photographs shot by Hayes, when Pahomova made and used copies of those photographs in applying to register the copyrights in December 2018.

18. Pahomva's infringements were willful. She knows that she does not own the copyrights in the photographs shot by Hayes.

19. Unless restrained and enjoined, Pahomova will continue infringing Hayes's copyrights.

# PRAYER FOR RELIEF

Brian B. Hayes respectfully prays for judgment in his favor against Marina Pahomova a/k/a Marina Pamo:

1. On the First Counterclaim, for damages in an amount to be proven, including attorney's fees and other expenses for responding to the Complaint in this action, at least $50,000.

2. On the Second Counterclaim, for a declaration that Hayes owns the copyrights in the photographs of Pahomova that Hayes shot, including all photographs in Pahomova's registration application Nos. 1-7154605573; 1-7154605522; 1-7154605436; 1-7154605400; 1-7154605246; and 1-7154605221, and all photographs in Hayes's registration application Nos. 1-7470971561; 1-7471091661; 1-7471615311; and 1-7473435351.

3. On the Third Counterclaim, for actual damages incurred by Hayes and the profits accrued by Pahomova as a result of her infringements, or alternatively, for statutory damages for each of the 2,171 infringed works, up to $150,000 for each one of them, under 17 U.S.C. § 504(c). The product of 2,171 works times $150,000 per work equals $325,650,000.

4. On the Third Counterclaim, for injunctive relief mandating Pahomova to withdraw her applications to register copyrights in the photographs shot by Hayes (Nos. 1-7154605573; 1-7154605522; 1-7154605436; 1-7154605400; and 1-7154605246) and prohibiting Pahomova from any future infringement.

5. For costs as provided by law, including attorney's fees, on each counterclaim.

|     |                          |                                                                                                |
| --- | ------------------------ | ---------------------------------------------------------------------------------------------- |
| 1   |                          | Respectfully submitted,                                                                        |
| 2   | Dated: March 5, 2019     | **KOHN LAW GROUP, INC.**                                                                       |
| 3   |                          | By:/s/ Robert E. Kohn                                                                          |
|     |                          |      Robert E. Kohn                                                                            |
| 5   |                          | Counsel for Defendant and Counterclaimant BRIAN B. HAYES and for Defendant NICOLE BOGART       |

## DEMAND FOR TRIAL BY JURY

Brian B. Hayes and Nicole Bogart respectfully demand trial by jury in this action of all issues so triable.  *See* Fed. R. Civ. P. 38(c).

|     |                          |                                                                                                |
| --- | ------------------------ | ---------------------------------------------------------------------------------------------- |
| 14  |                          | Respectfully submitted,                                                                        |
| 15  | Dated: March 5, 2019     | **KOHN LAW GROUP, INC.**                                                                       |
| 16  |                          | By:/s/ Robert E. Kohn                                                                          |
|     |                          |      Robert E. Kohn                                                                            |
| 18  |                          | Counsel for Defendant and Counterclaimant BRIAN B. HAYES and for Defendant NICOLE BOGART       |

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I certify that all other participants in this action are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 5, 2019

**KOHN LAW GROUP, INC.**

By: /s/ Robert E. Kohn
    Robert E. Kohn

Counsel for Defendant and Counterclaimant BRIAN B. HAYES and for Defendant NICOLE BOGART